IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 21-cv-01100-CMA-MEH

BRIAN CHRISTOPHER MACKES,
ADRIAN CHAVEZ, and
THE NATIONAL FEDERATION OF THE BLIND OF COLORADO,

      Plaintiffs,

v.

COLORADO DEPARTMENT OF CORRECTIONS,

      Defendant.

## ORDER

**Michael E. Hegarty, United States Magistrate Judge**.

Before the Court is Jill Coit's Motion to Join and Appointment of Counsel. ECF 15. The Motion is fully briefed, and oral argument would not materially assist in its adjudication. For the reasons that follow, the Motion is denied.

The two individual Plaintiffs, Mr. Mackes and Mr. Chavez, are inmates in Defendant's custody. When they filed their Complaint, Mr. Mackes was incarcerated at the Colorado Territorial Correctional Facility and Mr. Chavez at the Fremont Correctional Facility. They are members of the National Federation of the Blind of Colorado ("NFB-CO"), and on their behalf, NFB-CO is appearing as Co-Plaintiff in a representative capacity. Plaintiffs do not seek to bring a class action, but NFB-CO does say that it is acting on behalf of both Mr. Mackes and Mr. Chavez as well as "other members who are, or may be, incarcerated in the custody of CDOC." ECF 1 at ¶ 4. NFB-CO asserts associational standing, and it explains that it is not bringing claims or seeking relief that "require the participation of individual members in the lawsuit." *Id*. at ¶ 158.

They bring this lawsuit alleging that Defendant "has denied them equal access to vital services, programs, and activities" and has refused reasonable accommodations. *Id*. at ¶ 3. They complain about the lack of alternatives for written materials and written means of official communications as well as unequal library and computer access, educational opportunities, and work assignments. They describe additional burdens and expenses that they would not have were they sighted. On the basis of those allegations, Plaintiffs allege violations of the Americans with Disabilities Act, 42 U.S.C. § 12132, and the Rehabilitation Act, 29 U.S.C. § 794.

Ms. Coit is an inmate in Defendant's custody at the Denver Women's Correctional Facility. She was diagnosed legally blind in 2010. She has total blindness in her left eye and limited vision in her right eye. ECF 15 at ¶ 1. She teaches Braille and provides Braille-related services to outside organizations. *Id*. She has employment activities (*id*. at ¶ 6), but she seeks more meaningful, paid work including outside the prison (*id*. at ¶ 16). Defendant allows her a personal computer in her own cell that she uses for a wide range of activities, (*id*. at ¶ 4), as well as a flash drive (*id*. at ¶ 7(C)(1)). She was permitted her own personal printer, but it has not arrived yet. *Id*. at ¶¶ 7(C)(3), 9(F). Defendant does not provide her free copy paper. *Id*. at ¶¶ 7(C)(3), 14. She does have access to the law library and to software for filling out grievances and kites, but she still lacks full availment of those services. *Id*. at ¶ 5(D). She asks that all written materials, educational programs, and announcements be scanned and placed on her flash drive for her to access on her computer. *Id*. at ¶¶ 5(D), 11. Because she is incarcerated, she does not benefit from certain services that the government provides the blind such as free postage. *Id*. at ¶ 9(H). She asks for a special cane that prevents wrist pain (*id*. at ¶ 10(C)); kitchen appliances and exercise equipment that are safer for the blind (*id*. at ¶¶ 10(D), (E), (F)); and appropriate clothing and shoes, (*id*. at ¶ 10(G). She recommends for other blind inmates the kind of single cell assignment that she has. *Id*. at ¶ 10(H).

In addition, she requests blind-friendly furnishings. *Id*. at ¶ 17. CDOC does not provide "talking" watches or other assistive devices or products for free. *Id*. at ¶¶ 13-15. She requests a companionship dog. *Id*. at ¶ 16(A); ECF 20 at ¶ 8.

Ms. Coit reports a variety of health-related conditions in addition to her vision. She has a hand disability that hinders her ability to write. ECF 15 at ¶ 4. She was exposed to tuberculosis. *Id*. at ¶10(I). She has chronic asthma. *Id*. She receives mental health treatment for which journaling is part of her therapy. *Id*. at ¶ 9(D)-(E). She is sensitive to polyester fabric. *Id*. at ¶ 17(E). Because her hearing is impaired, she asks that audio communications be converted to written form and uploaded to her flash drive. *Id*. at ¶ 17(G).

She is not a member of NFB-CO, although she has requested to join. *Id*. at ¶ 2. She complains that NFB-CO "does not include the legally blind [as opposed to the fully blind] in their Petitions." *Id*. Ms. Coit says that she met with NFB-CO's attorney two weeks before she filed her Motion (*id*. at ¶ 2), but its attorney denies telling her that the present lawsuit could cause her to lose her computer (ECF 17 at 3, n.1).

Ms. Coit objects to being excluded from this lawsuit and seeks to join it pursuant to Fed. R. Civ. P. 19 or 20. However, neither of those two joinder provisions provide the means for a non-party to join a lawsuit as an additional litigant. *Hale v. Marques*, No. 19-cv-00752-WJM-SKC, 2020 WL 2309619, at *14 (D. Colo. Feb. 3, 2020). Instead, Fed. R. Civ. P. 24 applies to her situation. The Court applies her joinder arguments to the standards for either intervention as a matter of right under Fed. R. Civ. P. 24(a) or permissive intervention under Fed. R. Civ. P. 24(b).

Ms. Coit may intervene in this lawsuit if she "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede [her] ability to protect [her] interest, unless existing parties

3

adequately represent that interest." Fed. R. Civ. P. 24(a)(2). *Hale* summarizes the case law that describes what a movant must establish in order to meet that standard. *Hale*, 2020 WL 2309619 at *15.

Ms. Coit's situation may be similar to the individual Plaintiffs to the extent all three are vision-impaired CDOC inmates. Relief that the individual Plaintiffs may receive through this lawsuit, should they prevail, may result in accommodations that she would like for herself (or already has). However, she does not meet her burden of persuasion to show how her participation in this lawsuit is *required* for her to protect her interests (even if similar to the individual Plaintiffs'). There is no indication that the outcome of this lawsuit *necessarily* will affect her (and in an *adverse* way). She expresses concern about losing her personal computer, but Plaintiffs emphasize how she has her own separate contract with Defendant that entitles her to one (ECF 17 at ¶ 8).

To the extent Plaintiffs are seeking relief that may *benefit* her, Ms. Coit also fails to show how they will provide inadequate representation of their shared interests. Her additional request for the Court to appoint her counsel suggests that Plaintiffs are better situated to litigate this lawsuit.

Ms. Coit does not demonstrate that the resolution of this lawsuit will foreclose her ability to litigate similar rights in a separate lawsuit. Nor does she show how Plaintiffs are unable to represent any interests that they may share. Therefore, Ms. Coit may not intervene in this lawsuit as a matter of right.

Alternatively, this Court may permit Ms. Coit to intervene in this lawsuit if she "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). The Court first must make a determination whether Ms. Coit makes that threshold

4

showing. As the Court notes above, Ms. Coit's situation is similar to the individual Plaintiffs to the extent that they are all vision-impaired and CDOC inmates. However, that does not mean that Ms. Coit's requests for relief raise "a common question of law or fact." Her situation, as she details in her Motion and Reply, may be different in material respects, and any claim of disability discrimination or failure to make reasonable accommodation may be unique to her. Indeed, the Plaintiffs perceive her situation as more favorable than theirs. She already benefits from accommodations that they seek. ECF 17 at ¶ 7. Some of her concerns do not relate to vision impairment at all.

Even if Ms. Coit could make that threshold showing of commonality, this Court still must decide whether to permit intervention. The factors relevant to that decision are whether (1) the intervention will unduly delay or prejudice the adjudication of Plantiffs' rights, (2) Ms. Coit's input adds value to the existing litigation, (3) Plaintiffs adequately represent her interests, and (4) the availability of an adequate remedy in another lawsuit. *Hale*, 2020 WL 2309619 at *17. The third and fourth factors the Court address above; it does not find them to weigh in favor of intervention. For the first and second factors, the Court notes Plaintiffs' opposition to intervention. "Based on the variety of issues Ms. Coit raises that differ from Plaintiffs' issues—many of which do not relate to blindness—Plaintiffs respectfully submit that adding Ms. Coit to this case could unduly delay or even prejudice the adjudication of Plaintiffs' rights." ECF 17 at ¶ 6. They further that adding her "to this case would raise—and require adjudication of—a number of issues that would distract from and thus delay adjudication of Plaintiffs' claims." *Id*. at ¶ 11. Ms. Coit may be seeking forms of relief that Plaintiffs are not requesting such as formation of a class action or otherwise expanding its scope. ECF 20 at ¶ 4.

In light of Plaintiffs' opposition and given Ms. Coit's failure to demonstrate how their lawsuit will foreclose her interests, the Court denies intervention.

## CONCLUSION

Ms. Coit may wish to participate in this lawsuit. She may perceive similarities with her situation, and she may wish to use this lawsuit as a forum for her own advocacy. NFB-CO even may have conferred with her about this lawsuit. However, it and the individual Plaintiffs brought the lawsuit in its present format. For her to be able to "join" this lawsuit as an additional litigant requires her to meet the Rule 24 standards to intervene, but she does not demonstrate a sufficient legal or practical reason to warrant it.

For the above reasons, the Motion to Join [filed July 23, 2021; ECF 15] is **denied**. Because the Court declines to permit her to intervene in Plaintiffs' lawsuit, her request for appointment of counsel which she includes in that Motion is **denied as moot**.

Because she is not a party, the Clerk of Court shall mail her a copy of this Order to:

Jill Coit
DOC# 86530
Denver Women's Correctional Facility
PO Box 392005
Denver, CO  80239.

Entered and dated at Denver, Colorado, this 20th day of August, 2021.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge

6