IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 21-cv-01100-CMA-MEH

BRIAN CHRISTOPHER MACKES,
ADRIAN CHÁVEZ, and
THE NATIONAL FEDERATION OF THE BLIND OF COLORADO,

    Plaintiffs,

v.

COLORADO DEPARTMENT OF CORRECTIONS,

    Defendant.

## NOTICE OF FILING MOTION TO CONSOLIDATE

Plaintiffs hereby give notice that they have filed, pursuant to Rule 42(a) of the Federal Rules of Civil Procedure, a motion to consolidate this case with the case of *Montoya v. Colorado Department of Corrections*, No. 20-cv-03345-RMR-NYW (D. Colo.). Pursuant to D.C.COLO.LCivR 42.1, Plaintiffs filed the motion in *Montoya*, the lower numbered case, and file this notice here. A copy of the motion is attached as Exhibit A hereto.

Respectfully submitted,

| | |
|---|---|
| CIVIL RIGHTS EDUCATION AND ENFORCEMENT CENTER | BROWN, GOLDSTEIN & LEVY, LLP |
| | Eve L. Hill |
| /s/ Amy F. Robertson | 120 E. Baltimore Street, Suite 1700 |
| Amy F. Robertson | Baltimore, Maryland 21202 |
| 1245 E. Colfax Ave. Suite 400 | 410.962.1030 |
| Denver, CO 80218 | ehill@browngold.com |
| 303.757.7901 | |
| arobertson@creeclaw.org | |

Martha M. Lafferty
525 Royal Parkway, #293063
Nashville, TN 37229
615.913.5099
mlafferty@creeclaw.org

Attorneys for Plaintiffs

Dated: August 26, 2021

## CERTIFICATE OF SERVICE

I hereby certify that on August 26, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following individuals at the following email addresses:

Scott Bauer
scott.bauer@coag.gov

Kathleen Spalding
kit.spalding@coag.gov
Counsel for Defendant Colorado Department of Corrections

/s/ Kyle Neumann
Kyle Neumann
Paralegal
Civil Rights Education and Enforcement Center

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 20-cv-03345-RMR-NYW

MARIA MONTOYA,

    Plaintiff,

v.

COLORADO DEPARTMENT OF CORRECTIONS,

    Defendants.

---

**PLAINTIFF'S MOTION TO CONSOLIDATE**

---

    Plaintiff, by and through counsel, hereby moves pursuant to Federal Rule of Civil Procedure 42(a) and D.C.Colo.LCivR 42.1 to consolidate the present case with *Mackes, et al. v. Colorado Department of Corrections*, 21-cv-01100-CMA-MEH (D. Colo.). Consolidation is appropriate because the cases involve both a common party -- the Colorado Department of Corrections ("CDOC") -- and common issues of law and fact. Because the present case is the lower numbered of the two cases, Plaintiff files the present motion here and is simultaneously filing notice of this motion in the *Mackes* case. See D.C.Colo.LCivR 42.1.

    Pursuant to D.C.Colo.LCivR 7.1(a), undersigned counsel has conferred with counsel for CDOC, who stated that his client opposes this motion.

**BACKGROUND**

    Both the present case and the *Mackes* case challenge the failure of CDOC to provide auxiliary aids and services and reasonable modifications to blind prisoners. Plaintiff is a blind prisoner who has been denied access to auxiliary aids and services and reasonable modifications

# EXHIBIT A

to allow her to access written materials, has been denied access to educational programming and work assignments, and has been forced to rely on Offender Care Aides, interfering with her privacy and independence. *See* Amended Complaint, ECF No. 23, ¶¶ 1-3; 12-116. This case challenges CDOC's failures to provide such auxiliary aids and services, reasonable modifications and equal access to programming under Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12131 *et seq.*, and Section 504 of the Rehabilitation Act ("Section 504"), 29 U.S.C. § 794.

Both this case and *Mackes* are in the early stages of litigation. Discovery is just beginning in *Mackes*, *see id.*, Scheduling Order, ECF No. 21, at 4, and Defendant's answer or other response is due in the present case next week.

The plaintiffs in *Mackes* bring identical ADA and Section 504 claims to those in the present case. *See id.*, Complaint, ECF No. 1, ¶¶ 1-4; 22-132. The legal issues in the two cases as to these claims will be identical: do the ADA and Section 504 require CDOC to provide auxiliary aids and services and reasonable modifications to blind prisoners? Both suits seek identical relief: a declaration that CDOC's actions are in violation of the ADA and Section 504; an order requiring CDOC to provide auxiliary aids and services and reasonable modifications to blind prisoners in its custody to access written materials, to ensure blind prisoners have equal opportunity to participate in CDOC housing, educational and work programs, and to refrain from forcing blind prisoners to unnecessarily rely on Offender Care Aides for access to written materials and programming; and compensatory damages for the individual plaintiffs.

*Mackes* differs from the present case in only one respect. The National Federation of the Blind of Colorado is an associational Plaintiff in the *Mackes* case, with the goal of ensuring that

any solution is available to blind prisoners throughout the CDOC system.

## ARGUMENT

Rule 42(a) of the Federal Rules of Civil Procedure permits this Court to consolidate the *Montoya* and *Mackes* cases if they "involve a common question of fact or law. "[C]onsolidation is committed to the sound discretion of the trial court." *Dorn v. Mueller*, No. 10-CV-00925WYD-CBS, 2010 WL 2232418, at *1 (D. Colo. May 28, 2010). In evaluating a motion to consolidate, "[t]he court generally weighs the saving of time and effort that consolidation would produce against any inconvenience, delay, or expense that consolidation would cause." *Touchstone Grp., LLC v. Rink*, No. 11-CV-02971-WYD-KMT, 2012 WL 2921223, at *2 (D. Colo. July 16, 2012) (internal quotations omitted).

Consolidation is appropriate where, as here, cases "involve essentially identical questions of law and substantially similar facts." *See Skaggs v. Level 3 Commc'ns, Inc.*, No. 09-cv-00200PAB-CBS, 2009 WL 458682, at *1 (D. Colo. Feb. 24, 2009). Judicial economy is also "unquestionably served by consolidation" where, as here, "it will eliminate the need for various judicial officers to address and rule on substantially the same issues" in the two cases. *See id.* at *2. Both cases are in early stages, with *Mackes* just beginning discovery and *Montoya* awaiting Defendant's answer. Therefore, no delay or prejudice will result from consolidation.

Because the two cases involve a common party and identical legal issues, consolidation is appropriate.

Pursuant to Local Rule 42.1, the judge assigned to the lowest numbered case decides whether consolidation is warranted. D.C.COLO.LCivR 42.1. This is the case with the lower case number.

**CONCLUSION**

For the reasons set forth above, Plaintiffs respectfully request that this Court consolidate the present case with *Mackes, et al. v. Colorado Department of Corrections*, 21-cv-01100-CMA-MEH.

Respectfully submitted,

CIVIL RIGHTS EDUCATION AND ENFORCEMENT CENTER

/s/ Amy F. Robertson
Amy F. Robertson
1245 E. Colfax Ave. Suite 400
Denver, CO 80218
303.757.7901
arobertson@creeclaw.org

Dated:  August 26, 2021

# CERTIFICATE OF SERVICE

I hereby certify that on August 26, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following individuals at the following email addresses:

Scott Bauer
scott.bauer@coag.gov

Philip Barrett
philip.barrett@coag.gov

Counsel for Defendant Colorado Department of Corrections

/s/ Mikhal Kidane
Mikhal Kidane
Paralegal
Civil Rights Education and Enforcement Center